UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NEHEMIAH D. ROLLE,

                                      Plaintiff,

                             v.                                    9:04-CV-312
                                                                 (LEK)(GHL)

PAUL GARCIA, Individually and in official capacity,
Deputy Superintendent for Programs,

                                      Defendant.

APPEARANCES                                          OF COUNSEL

NEHEMIAH D. ROLLE
03-R-5191
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403
Plaintiff, *pro se*

OFFICE OF THE NEW YORK                    CHRISTOPHER W. HALL, AAG
STATE ATTORNEY GENERAL
The Capitol
Albany, New York 12224
Attorney for Defendant

LAWRENCE E. KAHN, District Judge

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

      Plaintiff Nehemiah D. Rolle commenced this action on March 23, 2004. *See* Dkt. No. 1. By Order dated April 30, 2004, this Court directed Plaintiff to file an amended complaint to cure certain deficiencies contained in the original complaint. *See* Dkt. No. 4. In compliance with that Order, Plaintiff submitted an amended complaint on June 2, 2004. *See* Dkt. No. 6. In his amended complaint, Plaintiff alleged wrongdoing against

Defendant Garcia regarding an incident that occurred at Mt. McGregor Correctional Facility ("Mt. McGregor"). *See id.* By Order dated June 22, 2004, the Court approved Plaintiff's amended complaint for filing and directed the Clerk of the Court to serve the Defendant. *See* Dkt. No. 7.

By submissions filed on October 26, 2004, November 8, 2004, and November 15, 2004, Plaintiff moved for injunctive relief. *See* Dkt. Nos. 13, 15, and 17. By Order of this Court filed January 6, 2005 ("January Order"), the aforesaid motions were denied. *See* Dkt. No. 20. Plaintiff has appealed to the Second Circuit Court of Appeals from the January Order. *See* Dkt. No. 25.

Currently before the Court are two motions that Plaintiff has filed, both of which seek some form of injunctive relief.[1] *See* Dkt. Nos. 21 and 32. Defendant has filed papers in opposition to the first motion. *See* Dkt. No. 24.

## II. DISCUSSION

### A.   Motions for injunctive relief

Plaintiff's two motions for injunctive relief are substantially similar. *See* Dkt. Nos. 21 and 32. Plaintiff alleges that in retaliation for Plaintiff filing prior motions for injunctive relief, Plaintiff was transferred from Mohawk Correctional Facility ("Mohawk") to Mid-State Correctional Facility ("Mid-State") and then to Nassau County Correctional Center ("Nassau"). Dkt. No. 21, Aff. at 1-3; Dkt. No. 32, Aff. at 1-3. Plaintiff also alleges that he was assaulted at Mohawk, Mid-State, and Nassau and that he has been

---

[1] Plaintiff refers to his motions as motions for a proposed order granting daily access to law library. *See* Dkt. Nos. 21 and 32. Since Plaintiff seeks preliminary relief directing a person or agency to take specific action during the pendency of this action, the Court will construe the motions as motions for injunctive relief.

denied access to the law library, his legal mail, and his legal papers at Nassau. Dkt. No. 21, Aff. at 1-6; Dkt. No. 32, Aff. at 1-6. Plaintiff seeks a Court Order directing Sheriff Edward Reilly of Nassau to grant Plaintiff daily access to the Nassau law library.[2] Dkt. No. 21, Aff. at 1-3; Dkt. No. 32, Aff. at 18.

Defendant Garcia opposes the first motion on the grounds that (1) Plaintiff does not have standing for an Order granting him daily access to the law library at Nassau and (2) the allegations included in the motion are not related to the allegations in Plaintiff's underlying action. *See* Dkt. No. 24.

The standard that a court must apply in considering a motion for injunctive relief is well-settled in this Circuit. As the Second Circuit noted in *Covino v. Patrissi*, 967 F.2d 73 (2d Cir. 1992), the movant "must show (1) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking the injunctive relief." *Id.* at 77 (citation omitted) (affirming district court's denial of inmate's request for preliminary injunction); *see also Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting a magistrate judge's recommendation that the court deny an inmate's request for injunctive relief).

Moreover, as a preliminary matter, the relief that a plaintiff seeks by way of injunction **must relate to the allegations contained in the underlying complaint**. *See Allen v. Brown*, No. 96-CV-1599, 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998)

---

[2] Plaintiff also requests an amendment of the pretrial scheduling order and that he receive a copy of his amended complaint. Dkt. No. 21, Aff. at 13-14; Dkt. No. 32, Aff. at 19. These requests will be discussed below.

(Pooler, J.) adopting a magistrate judge's recommendation that the court deny a request for injunctive relief where allegations in the application were unrelated to claims asserted in the complaint and, thus, the plaintiff had "failed to establish either a likelihood of succeeding on the merits of his *underlying claim*, or sufficiently serious questions going to the merits of *such claim* and a balance of hardships tipping decidedly toward" the plaintiff (citations omitted)).

In his amended complaint Plaintiff alleges that, while Plaintiff was incarcerated at Mt. McGregor, Defendant Garcia denied Plaintiff procedural due process during Plaintiff's tier III hearing.  *See* Dkt. No. 6.  In his motions for injunctive relief, Plaintiff claims that he was assaulted by staff at Mohawk, Mid-State, and Nassau; denied access to the law library at Nassau; and denied access to his legal mail and legal papers at Nassau.  Clearly, the allegations that form the basis for Plaintiff's current motions, all of which arise from events that occurred **at Mohawk, Mid-State, or Nassau**, do not relate to the allegations contained in the underlying amended complaint, all of which arise from events that occurred at **Mt. McGregor**.

Moreover, to the extent that Plaintiff seeks an Order directing Sheriff Reilly of Nassau County to grant Plaintiff daily access to the Nassau County Correctional Center law library, the law is clear that, except in limited circumstances not relevant herein, a Court may not order injunctive relief as to **non-parties** to an action.  *See* Rule 65(d) of the Federal Rules of Civil Procedure ("[e]very order granting an injunction . . . is binding only upon the parties to the action . . ."); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988).  Since Sheriff Reilly is **not a party** to this action, there is no legal basis for

this Court to order Sheriff Reilly to permit Plaintiff such access.

In sum, since Plaintiff's allegations in support of his motions for injunctive relief are unrelated to the allegations contained in his amended complaint, he has failed to establish either a likelihood of success on the merits of **his underlying claim**, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward him.  *See, Allen*, 1998 WL 214418, at *4. Therefore, the Court must deny both of Plaintiff's pending motions for injunctive relief.

**B.     Request to amend, rescind, or stay the pretrial order**

By Order of Magistrate Judge Gustave J. Di Bianco filed September 27, 2004, pretrial deadlines were set in this matter.[3]  *See* Dkt. No. 12.  Plaintiff asks the Court to stay or amend the pretrial scheduling Order.[4]  *See* Dkt. No. 21, Affirmation at 8-10; *see also* Dkt. No. 32, Affirmation at 9.  Plaintiff wants the non-dispositive motion filing deadline extended to permit him to submit a motion to amend his complaint "because Plaintiff may inadvertently [have] left out items of relief from his Amend[ed] Federal Complaint" in terms of the damages requested.  *See* Dkt. No. 21, Affirmation at 9-10; *see also* Dkt. No. 32, Affirmation at 10-11 and Notice of Motion at 3.  Plaintiff also

---

[3] Plaintiff is upset that Magistrate Judge Di Bianco issued the pretrial order because Magistrate Judge George H. Lowe is the Magistrate assigned to the case. Plaintiff is advised that pursuant to General Order 27 of the Northern District of New York, Magistrate Judge Di Bianco "is authorized to issue initial scheduling orders in all cases commenced within this District."  Magistrate Judge Lowe is still the Magistrate assigned to this action.

[4] The pretrial deadlines were set as follows: the non-dispositive motion filing deadline was November 30, 2004; the discovery deadline was March 30, 2005; the motion to compel filing deadline was April 30, 2005; and the dispositive motion filing deadline is July 30, 2005.  Dkt. No. 12.

claims that he has not been able to conduct discovery in this action because he was previously "unjustly held in administrative segregation isolation keeplock confinement" at Mohawk and Mid-State and he is now incarcerated at Nassau without access to his legal papers, the law library, or his legal mail. *See* Dkt. No. 21, Affirmation at 8-10; *see also* Dkt. No. 32, Affirmation at 9-10.

Plaintiff's request to extend the non-dispositive motion filing deadline, which expired on November 30, 2004, so that he may make a motion to amend the relief portion of his amended complaint is denied. *See e.g.*, *Greenfield v. Kanwit*, 87 F.R.D. 129, 132 (S.D.N.Y. 1980) ("Since the amount of damages awarded, if any, will be determined by the proof at trial, amendment of the complaint [to increase damages] is unnecessary."). In light of Plaintiff's current temporary incarceration in Nassau County Correctional Center[5] and his alleged inability to obtain his legal papers, the Court will extend the remaining pretrial deadlines as follows: the discovery deadline is reset until July 29, 2005; the motion to compel filing deadline is reset until August 26, 2005; and the dispositive motion filing deadline is reset until October 28, 2005.

**C.    Request for copy of amended complaint**

Plaintiff requests a free copy of his amended complaint. Dkt. No. 21, Affirmation at 14. He claims that many of his legal papers are being held by Mohawk and Mid-State, although he is currently housed at Nassau, and that persons at Nassau have "confiscated and stolen some of Plaintiff's newly accumulated court and legal" papers.

---

[5] Mid-State has advised the Court that Plaintiff is temporarily absent from that facility. Dkt. No. 31. In light of this, the Court will direct the Clerk to send a copy of this Order to Plaintiff at Mid-State as well as at Nassau.

-6-

Dkt. No. 32, Notice of Motion at 2-3.

The Court notes that 28 U.S.C. § 1915, which governs proceedings in forma pauperis, does not state that indigent parties are entitled to complimentary copies of the materials contained in a court's files. Instead, a party is required to pay for copies of such documents despite the fact that he has been found to be indigent under this statute. *See* Rule 5.4 (a) of the Local Rules of Practice for the Northern District of New York; *see also Williams v. Coughlin et al.*, No. 95-CV-1737, slip op. at 2-3 (May 31, 1996) (Pooler, J.) ("copying and/or witness expenses are not included among the delineated expenses for which the Court can direct payment. Moreover, an order granting a plaintiff the right to proceed in forma pauperis does not entitle that plaintiff to free copies of documents in the record.") (citation omitted).

However, in light of Plaintiff's frequent transfers, his temporary placement in Nassau, and his alleged inability to obtain his legal papers, the Court will provide Plaintiff **on this one occasion with one complimentary copy of his amended complaint**.[6]  The Clerk is directed to forward a copy of Plaintiff's amended complaint to him at Mid-State **and** at Nassau.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's motions for injunctive relief (Dkt. Nos. 21 and 32) are **DENIED**; and it is further

**ORDERED**, that the pretrial deadlines are extended as set forth above, and it is

---

[6] In the future, Plaintiff may obtain copies of documents on file with the Court at a cost of $0.50 per page

further

**ORDERED**, that the Clerk is directed to mail a copy of the amended complaint (Dkt. No. 6) to Plaintiff at both Mid-State Correctional Facility and Plaintiff's temporary place of confinement at Nassau County Correctional Center, 100 Carman Avenue, East Meadow, New York 11552, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the Plaintiff at both Mid-State Correctional Facility and at Nassau County Correctional Center. The Clerk shall also serve a copy of the Order upon counsel for the Defendant.

Dated: May 20, 2005
      Albany, New York

Lawrence E. Kahn
U.S. District Judge